IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| In the Matter of the Application of | ) | |
| | ) | |
| VUZ-Bank JSC, | ) | Civil Action No. 5:21-mc-00011 |
| | ) | |
| Applicant, | ) | By:  Elizabeth K. Dillon |
| | ) | United States District Judge |
| For an Order Pursuant to 28 U.S.C. § 1782 | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is an application filed by VUZ Bank JSC pursuant to 28 U.S.C. § 1782 for assistance in connection with potential criminal proceedings in Dubai, United Arab Emirates. (Application, Dkt. No. 1.)  The case is before the court on three motions: (1) non-parties Agropex International, Inc. and Hakan USA's motion to quash a subpoena issued by VUZ Bank (Dkt. No. 11); (2) motion of intervenors Deniz Yelda Bahceci (Deniz) and Alettin Bahceci (Alettin)[1] to disqualify counsel for VUZ Bank due to a conflict of interest (Dkt. No. 25); and (3) motion to quash subpoenas by Deniz and Alettin (Dkt. No. 41).

For the reasons stated below, the court will grant the motion to disqualify counsel for VUZ Bank.  Because VUZ Bank's counsel in this matter is disqualified, the court will also vacate the order granting VUZ Bank's application to conduct discovery pursuant to § 1782; deny the application without prejudice to VUZ Bank's right to re-file it through conflict-free counsel; and grant the motions to quash the subpoenas.

I.  BACKGROUND

The applicant, VUZ Bank, is a commercial bank in Russia.  Section 1782, 28 United States Code, provides that parties with an interest in legal proceedings abroad may apply to the

---

[1] With no disrespect intended, the court will refer to Deniz and Alettin by their first names for clarity.

United States District Courts for assistance in securing local deponents or documents relevant to those proceedings.  VUZ Bank asserts that its application "arises out of a fraud perpetrated on VUZ Bank by a number of parties, including, but not limited to, Rus-AgroExport LLC [], Hakan Holdings Limited ('Hakan Holdings'), and Hakan Agro DMCC ('Hakan Agro')," which "resulted in the misappropriation of funds loaned by VUZ Bank" as described in the application. (Application at 1, 2.)

VUZ Bank's § 1782 application sought the issuance of subpoenas to Agropex International, a Georgia corporation with a registered principal office in Broadway, Virginia, and Hakan USA, a Virginia corporation with a registered principal office at the same Broadway, Virginia address.  By order dated October 5, 2021, the court granted VUZ Bank's application for § 1782 discovery, and VUZ Bank was granted leave to serve its subpoenas on Agropex and Hakan USA.  (Dkt. No. 9.)  Agropex and Hakan move to quash those subpoenas.

Also seeking to quash the subpoenas are Deniz and Alettin.  The court granted their motion for leave to intervene for the purpose of asserting objections and a motion to quash the subpoenas issued to Agropex and Hakan.  (Dkt. No. 38.)  Deniz was allowed to intervene on behalf of her three minor children (the minor intervenors)—as their legal guardians.  Deniz's children own 75 percent of Hakan Holdings, and Hakan Holdings owns 100% of Hakan Agro.  Alettin is alleged in the application to be among the potential targets of criminal proceedings in Dubai; to the court's knowledge, no such proceedings have been initiated against Alettin or any other person or entity as contemplated by the application.  In addition to seeking to quash the subpoenas, Deniz and Alettin raise the issue of a potentially disqualifying conflict of interest involving VUZ Bank's law firm, Baker McKenzie.

Almost the exact same scenario occurred in the United States District Court for the Northern District of Georgia.  *See In re Application of VUZ-BANK JSC for an order pursuant to 28 U.S.C. § 1782*, Civil Action No. 1:21-CV-04014-VMC-JCF (N.D. Ga.)   In the Georgia action, VUZ Bank sought information from Ashley Anderson Bahceci, who resides in Marietta, Georgia.  Ms. Anderson Bahceci is the ex-wife of Hakan Bahceci, the now-deceased founder of Hakan Holdings.  As happened here, the court granted VUZ Bank's § 1782 application.  Subsequently, Deniz and Alettin moved to intervene, to quash, and to disqualify Baker McKenzie as counsel for VUZ Bank.  Ms. Anderson Bahceci also moved to quash.

On July 21, 2022, Magistrate Judge J. Clay Fuller issued a Report and Recommendation that the motion of intervenors to disqualify counsel due to conflict of interest be granted.  Report and Recommendation (R&R), Civil Action No. 1:21-CV-04014, Dkt. No. 36 (N.D. Ga.); 2022 WL 3211632.[2]  Further, because of the recommendation that VUZ Bank counsel be disqualified, the magistrate judge recommended that the court's order granting the application for discovery pursuant to 28 U.S.C. § 1782 brought by Baker McKenzie be vacated and that the application be denied without prejudice to VUZ Bank's right to re-file the application through conflict-free counsel.  The magistrate judge also recommended that the motions to quash filed by the intervenors and Ms. Anderson Bahceci be granted and that the subpoena be quashed.  No party, including VUZ Bank, filed objections to the R&R, which was adopted by the district court, United States District Judge Victoria Marie Calvert, in full.  Civil Action No. 1:21-CV-04014, Dkt. No. 38 (N.D. Ga.)

In this matter, on September 13, 2022, counsel for Deniz and Alettin provided a status report by letter.  (Dkt. No. 43.)  Counsel noted the pending motions and that they had sought the

---

[2] As the magistrate judge noted, the intervenors "filed the same motion to disqualify in a case pending in the Western District of Virginia, Harrisonburg Division . . . ." 2022 WL 3211632, at *2 n.1.

3

agreement of the other parties to this case to submit the pending motions for resolution on the papers without the need for a hearing. Counsel for Agropex and Hakan USA agreed to submission on the papers, but counsel did not hear any response from counsel for VUZ Bank. The court also notes that VUZ Bank did not file any response to the motion to quash filed by Deniz and Alettin.

## II.  ANALYSIS

While the issues presented by these motions are complicated, particularly the motion to disqualify counsel, it is not necessary for the court to conduct another thorough analysis because the court has the benefit of the reasoning set forth by Judges Fuller and Calvert, which considered the exact same issues before this court, and with which the court agrees and adopts by reference in full.

The court in Georgia found that Baker McKenzie should be disqualified from representing VUZ Bank pursuant to Georgia Rule of Professional Conduct 1.18(c), which provides that "[a] lawyer [who has learned information from a prospective client] shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except [if both the prospective client and current client have given informed consent in writing]." *In re VUZ Bank JSC*, Civil Action No. 1:21-CV-04014, Dkt. No. 38 at 3–4.

The motion to disqualify counsel in this court is governed by Virginia law and the Virginia Rules of Professional Conduct. *See Gulf Coast Mktg. Group, Inc. v. JTH Tax LLC*, Civil Action No. 2:21-cv-78, 2021 WL 1990175, at *2 (E.D. Va. May 18, 2021); W.D. Va. Standing Order on Rules for Disciplinary Enforcement IV(B) ("The Rules of Professional

4

Conduct adopted by the Virginia Supreme Court, as amended from time to time by that court and to the extent not in conflict with federal law, shall be the disciplinary rules of this Court . . .").[3] The Virginia rule that applies in this matter is identical in all material respects to the one considered by the Georgia court:

> (a) A person who discusses with a lawyer the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.
>
> (b) Even when no client-lawyer relationship ensues, *a lawyer who has had discussions with a prospective client shall not use or reveal information learned in consultation*, except as Rule 1.9 would permit with respect to information of a former client.
>
> (c) A lawyer subject to paragraph (b) *shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter*, except as provided in paragraph (d). If a lawyer is disqualified from representation under this paragraph, *no lawyer in a firm with which that lawyer is associated* may knowingly undertake or continue representation in such a matter, except as provided in paragraph (d).
>
> (d) When the lawyer has received disqualifying information as defined in paragraph (c), representation is permissible if:
>
>> (1) both the affected client and the prospective client have given informed consent, confirmed in writing, . . .

Va. R. Prof. Conduct 1.18 (Duties to Prospective Client) (emphasis added).

Accordingly, the reasoning of Judges Fuller and Calvert apply with equal force when analyzing Virginia law and the Virginia Rules of Professional Conduct. As Judge Fuller found,

> It is undisputed that when Baker McKenzie attorneys met with Kroll, Hakan Agro's agent, concerning Hakan Agro's insolvency and possible liquidation on June 15, 2021, Baker McKenzie

---

[3] Federal common law is also relevant to the court's analysis because "motions to disqualify are substantive motions affecting the rights of the parties." *Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006) (citing *Fed. Deposit Ins. Co. Corp. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1312 (5th Cir. 1995); *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994)).

>represented a client, VUZ Bank, "with interests materially adverse to those of" Hakan Agro (a prospective client) "in the same or substantially related matter" as the matter for which Baker McKenzie attorneys met with Hakan Agro's agent Kroll, i.e., the liquidation of Hakan Agro.

*In re Vuz Bank*, 2022 WL 3211632, at *6. Moreover, it is undisputed that neither VUZ Bank nor Hakan Agro gave "informed consent in writing to the conflict, particularly given that Baker McKenzie lawyers had represented that there were no conflicts with the representation of Hakan Agro." *Id.*, Dkt. No. 38 at 4. And because the Virginia rule bars representation by any lawyer at a firm with which a disqualified lawyer is "associated," all Baker McKenzie lawyers are disqualified from representing VUZ Bank in this matter. The court expresses no opinion on Baker Mckenzie's representation of VUZ Bank in any other matter in any other court.

Finally, the court notes the issue of standing. VUZ Bank argues, as it did in the Georgia matter, that the intervenors, Deniz and Alettin, do not have standing because they are not a party to the relevant attorney-client relationship. The Georgia court rejected this argument. *See In re VUZ Bank*, 2022 WL 3211632, at *8 ("The Eleventh Circuit has said, however, that '[a] party who is not a former client of opposing counsel nevertheless has standing to raise the issue of opposing counsel's conflict of interest if there is a violation of the rules which is sufficiently severe to call in question the fair and efficient administration of justice.'") (quoting *McGriff v. Christie*, 477 F. App'x 673, 676–77 (11th Cir. 2012)). Caselaw in the Fourth Circuit takes a similarly broad view of standing in this context. *See, e.g.*, *United States v. Clarkson*, 567 F.2d 270, 272 (4th Cir. 1977) ("The propriety of the Government's action in filing the motion to disqualify cannot be questioned. . . . In fact, it has been held that any member of the bar aware of facts justifying a disqualification of counsel is obligated to call it to the attention of the court."); *In re Stancraft Corp.*, 39 B.R. 748, 752 (Bankr. E.D. Va. 1984) ("[O]nce a violation of

6

ethical standards of conduct are brought to the attention of the Court by any party, this Court believes that it has an independent duty to consider and resolve the matter."). Moreover, the rights of the intervenors are clearly implicated by this action. The minor intervenors own 75% of Hakan Holdings, which owns Hakan Agro, and Alettin is a potential target of criminal proceedings involving Hakan Holdings and Hakan Agro. Those proceedings are the stated justification for seeking discovery in this § 1782 action. *See Rogers v. Pittson Co.*, 800 F. Supp. 350, 353 (W.D. Va. 1992) (noting that the Fourth Circuit "seeks analysis of the harm to the actual parties before the court" when analyzing motions for disqualification).

Given the disqualification of VUZ Bank's attorneys, the court is compelled to vacate its order granting VUZ Bank's § 1782 application and deny the application without prejudice to VUZ Bank's right to re-file the application through conflict-free counsel. The motions to quash will be granted.

### III.  CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The motion to disqualify counsel by intervenors (Dkt. No. 25) is GRANTED and Baker McKenzie is disqualified from representing VUZ Bank in this action;

2. The court's order of October 5, 2021 (Dkt. No. 9) is VACATED and VUZ Bank's application to conduct discovery (Dkt. No. 1) is DENIED WITHOUT PREJUDICE. VUZ Bank may re-file its application through conflict-free counsel; and

3. The motions to quash (Dkt. Nos. 11, 41) are GRANTED and the subpoenas served on Agropex and Hakan USA are QUASHED.

The clerk of court is directed to transmit a copy of this order to all counsel of record.

Entered: October 14, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge